ORIGINAL

# In the United States Court of Federal Claims

No. 18-826C
(Filed June 29, 2018)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
EDWARD THOMAS KENNEDY,                         *
                                               *
                       Plaintiff,              *
                                               *
       v.                                      *
                                               *
THE UNITED STATES,                             *
                                               *
                       Defendant.              *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
JUN 29 2018
U.S. COURT OF FEDERAL CLAIMS

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

In this matter brought by Edward Thomas Kennedy, representing himself, Mr. Kennedy complains of injuries apparently suffered apparently incident to his arrest in Allentown, Pennsylvania. For the reasons stated below, the Court finds that it lack subject-matter jurisdiction over plaintiff's claims. Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC), this action must be **DISMISSED**.

### I. BACKGROUND

On June 11, 2018, the Clerk's office received a complaint from plaintiff, along with an application to proceed *in forma pauperis*.[1] Plaintiff sues over 80 named entities, including the United States, the United States Postal Service, the Department of Defense, the Commonwealth of Pennsylvania, the County of Lehigh, as well as a number of bar associations, law firms, individuals, and governmental entities. Compl. ¶ 2. Plaintiff refers to these collectively as "Kidnappers," which appears to be a reference to his arrest in Lehigh County, Pennsylvania on August 28, 2017. *See id.* ¶¶ 2, 13. Plaintiff requests relief for trespass, *id.* ¶¶ 25–33, violation of Art. 4 of the United States Constitution, *id.* ¶¶ 34–38, and an "action of trover" for his "personal property and trade secrets," *id.* ¶¶ 39–41.

---

[1] That application is hereby **GRANTED**.

*7012 3460 0001 7791 7876*

## II. DISCUSSION

It is settled law that the allegations found in a complaint prepared by a pro se plaintiff, "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citations omitted). Nevertheless, "although plaintiff is accorded leniency in presenting his case, his pro se status does not render him immune from the requirement that he plead facts upon which a valid claim can rest." *Paalan v. United States*, 57 Fed. Cl. 15, 16 (2003); *see Hughes*, 449 U.S. at 10.

### A. Legal Standard

#### 1. Subject-matter Jurisdiction

Under Rule 12(h)(3), claims brought before this court must be dismissed if the court determines it lacks subject-matter jurisdiction. When considering whether subject-matter jurisdiction exists, a court will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (holding that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"). A court must first determine that it has jurisdiction before considering the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998).

The Tucker Act, 28 U.S.C. § 1491, does not create substantive rights. Thus, in order for a plaintiff's claims to be within our jurisdiction, plaintiff must identify a separate source of law that creates a right to money damages. *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

### B. Analysis

The second paragraph of the complaint is a long list of entities plaintiff wishes to sue, including the Commonwealth of Pennsylvania, several local governments, and many persons and organizations. Insofar as plaintiff seeks to sue entities other than the United States or bases his complaint on the actions of agencies that are not part of the federal government, he misunderstands the nature of our court's jurisdiction, as the federal government is the only proper defendant in our court. *See Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Nor does the court possess jurisdiction over suits against individual federal officials. *See* 28 U.S.C. § 1491(a); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Insofar as he does direct his complaint against the United States (or the actions of its agencies),[2] plaintiff fails to identify a proper legal basis for his action. Plaintiff appears to argue that the Department of Defense is vicariously liable for the actions of local police because it provided them "[t]raining and weapons," Compl. ¶ 12 n. 3, and alleges that "[t]he business model" of the United States Postal Service is "based on a foundation of deceptions, lies, and fraud," though he does not explain how the Postal Service has injured him, *id.* ¶ 37. Our court does not have jurisdiction over tort claims, such as kidnapping, assault, or fraud, as the Tucker Act expressly places within our jurisdiction only matters "not sounding in tort." 28 U.S.C. § 1491(a)(1). Nor does our court have jurisdiction over criminal claims. *See Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016). None of these allegations involve violation of a money-mandating provision of federal law or a breach of a contract with the federal government.[3]

Finally, plaintiff alleges that the United States is in violation of Article 4, Section 4 of the United States Constitution by failing to provide a republican form of government. Compl. ¶¶ 34–38. This provision, however, does not state that money damages may be awarded if it is violated, and thus cannot provide a basis for jurisdiction in our court. U.S. CONST. art. IV, § 4; *see* 28 U.S.C. § 1491(a); *cf. Kurt v. United States*, 103 Fed. Cl. 384, 388 (2012) (discussing alleged criminal violation). Thus, plaintiff fails to state a cognizable claim against the United States falling within our jurisdiction.

### III. CONCLUSION

For the reasons stated above, plaintiff's claims do not fall under this court's subject-matter jurisdiction. Plaintiff's complaint is therefore **DISMISSED** pursuant to RCFC 12(h)(3). The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[2] The Department of the Treasury is also listed as a defendant, but not elsewhere in the complaint. *Id.* ¶ 2.

[3] The allegation that unspecified personal property and trade secrets were illegally taken from plaintiff implicates local officials and a local government, not the United States. *See* Compl. ¶ 40.